UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CRISTIAN LOPEZ LOPEZ, | No. 1:26-cv-03931-DAD-JDP |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | (Doc. Nos. 1, 5) |

On May 21, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On May 22, 2026, petitioner also filed a motion for preliminary injunction requesting his immediate release. (Doc. No. 5.) That same day, the court set a briefing schedule as to petitioner's motion for preliminary injunction and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In addition, if respondents opposed the court ruling on the underlying petition based on the present briefing, respondents were directed to indicate so and provide substantive reasons in support thereof in their opposition. (*Id.*)

/////

1

In support of his motion for preliminary injunction, petitioner alleges the following facts. Petitioner fled his native Guatemala and entered the United States on February 13, 2024 with a CBP One Appointment after passing a "Credible Fear Interview." (Doc. No. 5-2 at ¶ 4.) Petitioner was paroled that same day. (*Id.* at ¶ 5.) On February 14, 2024, petitioner received a Notice to Appear for removal proceedings. (*Id.* at ¶ 7.) On July 11, 2024, petitioner applied for asylum and withholding of removal. (*Id.* at ¶ 8.) Petitioner has complied with the conditions of his parole and does not have any criminal history. (*Id.* at ¶¶ 9–10.) Petitioner was re-detained on January 30, 2026, apparently without notice of the reason for his re-detention. (*Id.* at ¶ 2.)

On May 23, 2026, respondents filed an opposition to the motion for preliminary injunction. (Doc. No. 9.) In that opposition, respondents argue in the pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026). Respondents do not contest any of the facts alleged by petitioner, nor do they suggest that he was given notice and an opportunity to be heard regarding the reason for his re-detention. (*See* Doc. No. 9.) Respondents concede "that there does not appear to be any substantive factual or legal issues in this case that materially distinguish it from the cases identified in the Court's Order." (*Id.* at 2.) Respondents do not state any opposition to this court ruling on the underlying merits of the petition and, in fact, respectfully request that the court resolve the merits of the underlying petition. (*Id.*) On May 25, 2026, petitioner filed a reply in support of his motion for preliminary injunction and habeas petition, in which he too does not state an objection to the court ruling on the merits of his petition. (Doc. No. 10 at 2.) Pursuant to the court's prior order (Doc. No. 6), the court will therefore now address the underlying merits of the petition.

In light of petitioner's allegations that he was previously paroled into the United States, has complied with the conditions of his parole, and was re-detained absent notice and an opportunity to be heard, the court incorporates and adopts the reasoning set forth in its prior order *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court determined that the petitioner demonstrated a liberty interest in his

2

continued release following his parole, and his re-detention absent notice and a hearing violated due process.  Accordingly, the court will grant petitioner's petition for writ of habeas corpus. For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Carlos Cristian Lopez Lopez, A-File No. 244-396-707, from respondents' custody on the same conditions he was subject to prior to his re-detention on January 30, 2026;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner no less than seven days' notice and a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion for preliminary injunction (Doc. No. 5) is hereby DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 28, 2026**                           _____
                                                    DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE

3